FILED
2022 JUN 08 09:25 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 22-2-08640-8 KNT

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| RICHARD AND PARTNERS, LLC, A WASHINGTON LIMITED LIABILITY COMPANY<br><br>PLAINTIFFS,<br><br>VS.<br><br>BERKSHIRE HATHAWAY GUARD INSURANCE COMPANIES,<br><br>DEFENDANT, | NO.<br><br>COMPLAINT<br><br>(BREACH OF CONTRACT, BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING, BAD FAITH, BREACH OF CONSUMER PROTECTION ACT) |

**Comes now** Plaintiffs Richard and Partners, LLC (herein "Plaintiff"), by and through its attorneys at Chae Law Firm, P.S for their causes of action against Defendant Berkshire Hathaway Guard Insurance Companies (herein "Defendants collectively"), and alleges as follows:

COMPLAINT FOR DAMAGES – Page 1

CHAE LAW FIRM, P.S.
15 S GRADY WAY, STE 410
RENTON, WA 98057
P: (425) 373-9922

## I. PARTIES AND JURISDICTION

**1.1** At all times material hereto, Plaintiff Richard and Partners LLC was a Washington company licensed to do business in the State of Washington, with its primary place of business in King County, Washington.

**1.2** At all times material hereto, Defendant Berkshire Hathaway Guard Insurance Companies was an insurance company licensed to write insurance in the state of Washington and actually issued a comprehensive business owner's policy of insurance to plaintiff under policy number RIBP297959 for the period of January 31, 2021 to January 31, 2022.

**1.3** This court has jurisdiction over this dispute pursuant to RCW 2.08.010 as the demand of plaintiffs exceeds three hundred dollars.

**1.4** Venue is proper in King County pursuant to RCW 4.12.020-025

**1.5** Venue is proper in King County as it concerns real property located in Federal Way, Washington.

## II. FACTS

**2.1** Plaintiff re-alleges each and every allegation contained in the preceding paragraphs as if set forth fully herein.

**2.2** Plaintiff Richard and Partners LLC is the owner and operator of the Federal Way Comfort Inn (the "Inn"). The Inn and the business are insured by GUARD under a businessowners policy, #RIBP297959.

**2.3** At all times relevant hereto Richard and Partners LLC maintained the policy by paying its premiums as owed to GUARD.

COMPLAINT FOR DAMAGES – Page 2

**CHAE LAW FIRM, P.S.**
15 S GRADY WAY, STE 410
RENTON, WA 98057
P: (425) 373-9922

**2.4** Richard and Partners LLC's premium is more than $30,000.00 a year. Richard and Partners has never been late on a payment.

**2.5** On April 6, 2021, a pipe burst at the Inn which resulted in extensive water damage to the Property. On or about April 6, 2021, Plaintiff filed a claim for the burst pipe and reported the water damage to the Defendant.

**2.6** Immediately after the April 6, 2021, Plaintiff contacted Rotor Rooter Services Company to address the emergency, which included repair of the burst pipe and removing the flooding from affected rooms.

**2.7** Defendant Insurer initially retained Marybeth Verrengio of Raphael and Associates as a third party claims examiner. Upon information and belief, Marybeth Verrengio was to report to Defendant Insurer and approve of repairs made by the Rotor Rooter Services Company

**2.8** Although Rotor Rooter Services Company completed its repair work in April of 2021, Defendant insurer did not release payment to RRSC until August 2, 2021. As a result of Defendant Insurer's delay in releasing payment, RRSC threatened legal action against Plaintiff.

**2.9** Defendant Insurer did not perform sufficient investigation or assessment of damage on the property despite Plaintiff's repeatedly expressed concerns regarding mold and mildew, or other damages resulting from the burst pipe.

**2.10** From the months of April through September of 2021, Plaintiff made multiple attempts to contact the Marybeth Verrangio, Defendant's representative, regarding the extent of the damage.

**2.11** The only response received by the Plaintiff was that an agent was coming to in On September 16, 2021, Plaintiff's general manager, Keith Binnie, emailed Ms. Verrangio.

COMPLAINT FOR DAMAGES – Page 3

CHAE LAW FIRM, P.S.
15 S GRADY WAY, STE 410
RENTON, WA 98057
P: (425) 373-9922

**2.12** By September of 2021, six months after Plaintiff's claim was first made, Defendant Insurer retained Patrick Booth of Engle and Martin, to represent it in inspecting damage, adjusting the loss, and overseeing repairs.

**2.13** To date, Mr. Booth, Defendant Insurer's agent, represented that additional testing of the property is required to assess damages and has consistently engaged in undue delay of the investigation. Defendant Insurer has relied on this representation in order to unduly delay the release of insurance payments to Plaintiff.

**2.14** Defendant Insurer has declined to release any amount of funds to mitigate any damages, despite the Plaintiff's repeated representation that repair was necessary to prevent the water damage from spreading.

**2.15** As a result of Defendant Insurer's undue delay, Plaintiff retained a third party contractor to provide an assessment of damages and to create an estimate. Bowers, the third party contractor, estimated that the cost of repair would be in excess of $1.4 million

**2.16** Defendant Insurer delayed any amount of payment, claiming that additional inspection related to asbestos testing was required. Defendant Insurer conducted the initial inspection on October 11, 2021. Defendant Insurer requested additional inspection that was conducted and completed two full months later, on December 15, 2021, only to conclude that even more additional testing was required.

**2.17** Despite several requests from Plaintiff, Defendant Insurer indicated no interest in performing an immediate inspection. It was not until March 10, 2022 that follow up inspections were conducted.

2.17 After Plaintiff's counsel got involved in January of 2022, Defendant Insurer represented that an undisputed amount had been determined and that Defendant Insurer would initiate payment for the undisputed amount. Defendant Insurer had not released any funds to Plaintiff at the time of inspection on March 10, 2022, despite clear evidence that further delay is leading to the spread of water damage.

2.18 On March 14, 2022, Defendant Insurer presented the Plaintiff with its estimate of the undisputed amount, but conditioned the payment of the undisputed amount upon Plaintiff's execution of a POL that contained terms that could clearly be construed as a release.

2.19 On April 6, 2022, almost one full year after the date of loss, Defendant insurer approved payment of **$129,000.00**, less than 1/10 of Plaintiff's assessed losses, per the Bowers estimate.

### III. FIRST CAUSE OF ACTION: BREACH OF CONTRACT

3.1 Plaintiff incorporates and realleges paragraphs 1.1-2.16 above as though fully set forth herein.

3.2 Plaintiff is Defendant Insurer's insured under the businessowners policy, #RIBP297959.

3.3 Pursuant to the terms of the policy, Plaintiff is required to pay monthly premiums in exchange for Defendant Insurer's promise to timely pay Plaintiff for covered losses.

3.4 Plaintiff has at all times maintained its coverage and dutifully paid its monthly premiums to Defendant Insurer.

3.5 Plaintiff has reported a covered loss and Defendant has failed to timely pay Plaintiff as required by contract.

**3.6** Defendant Insurer's actions (and inaction) constitute breach of contract.

**3.7** As a result of Defendant Insurer's breach, Plaintiff has suffered damages in an amount to be proven at trial.

## IV. SECOND CAUSE OF ACTION: BAD FAITH CLAIMS HANDLING

**4.1** Plaintiff incorporates and realleges paragraphs 1.1-3.2 above as though fully set forth herein.

**4.2** Washington imposes a duty of good faith on insurers in interactions with policyholders. A violation of that duty results in tort liability on part of the insurer, requiring compensation of the loss to the insured

**4.3** Washington law prohibits insurers from engaging in unfair claims practices. RCW 48.30.010. The Defendant Insurer had a duty to promptly pay Plaintiff's claim. "Failing to adopt and implement reasonable standards for the processing and payment of claims after the obligation to pay has been established" is a specific prohibited unfair claim practice. Payment within fifteen business days is the required minimum. WAC 284-34-330

**4.4** The Defendant Insurer's undisputed failure to timely pay Plaintiff's legitimate claim for sixteen months, when Defendant Insurer knew that delay in repairs would cause further water damage and result in unnecessary loss of business is a breach of the Defendant Insurer's duty of good faith to the Plaintiff.

**4.5** The Defendant Insurer's attempts to continue to delay timely payment for safety testing when such testing would not change the scope of what needs to be repaired further demonstrates Defendant Insurer's bad faith claims handling.

**4.6** Defendant Insurer's actions (and inaction) constitutes bad faith. The Defendant Insurers completely failed to implement reasonable standards to timely pay a covered claim.

**4.7** Defendant Insurer's failure to timely release undisputed amounts constitutes bad faith.

**4.8** Defendant's conditioning of payment of undisputed amounts upon Plaintiff's execution of a release constitutes bad faith.

**4.9** As a result of the Defendant Insurer's bad faith claims handling, Plaintiff has suffered damages in an amount to be proven at trial.

## V. THIRD CAUSE OF ACTION: VIOLATION OF INSURANCE FAIR CONDUCT ACT

**5.1** Plaintiff incorporates and realleges paragraphs 1.1-**4.7** as though fully set forth herein.

**5.2** The Defendant Insurer's unreasonable delay of more than 10 months, which is presently ongoing, is a denial of payment of benefits under RCW 48.30.020

**5.3** The Defendant Insurer's actions also violated WAC 284-30-330. As a result, the Defendant Insurer is liable for damages three times the amount of Plaintiff's actual damages, plus attorney fees and litigation expenses.

**5.4** As a result of the Defendant Insurer's violation of the Insurance Fair Conduct Act, Plaintiff has suffered damages in an amount to be proven at trial.

**5.5** Plaintiff has complied with the notice requirements of RCW 48.30.015(8) prior to filing this action, and more than 21 days have elapsed since Plaintiff provided the required notice.

COMPLAINT FOR DAMAGES – Page 7

CHAE LAW FIRM, P.S.
15 S GRADY WAY, STE 410
RENTON, WA 98057
P: (425) 373-9922

## VI. FOURTH CAUSE OF ACTION: VIOLATION OF THE CONSUMER PROTECTION ACT

6.1  Plaintiff incorporates and realleges paragraphs 1.1-5.5 above as though fully set forth herein.

6.2.  The consumer protection Act, RCW 19.86 et seq., requires insurers to abide by Washington fair claims handling requirement.

6.3.  Defendant Insurer's violations of Washington's claims handling regulations constitute a per se violation of the Consumer Protection Act.

6.4.  In addition to the actions of Defendant Insurer in failing to properly pay Plaintiff's claim for over 10 months, despite the covered loss, is an unfair and deceptive practice that has resulted in the loss of Plaintiff's business, good will, and property.

6.5.  The actions of Defendant Insurer occurred in the business of insurance, which impacts the public interest as a matter of law.

6.6.  As a result of the Defendant Insurer's violation of the Consumer Protection Act, Plaintiff has suffered damages in an amount to be proven at trial.

## VII. PRAYER FOR RELIEF

Wherefore, Plaintiffs prays for judgment as follows:

**A.** That Plaintiffs be granted judgment against Defendant in an amount to be proven at trial;

**B.** For judgment awarding Plaintiffs their fees and costs to the extent allowed by law or equity.

**C.** For judgment awarding Plaintiff treble damages under RCW 48.30.015

**D.** For judgment awarding Plaintiff treble damages under RCW 19.86.090

**E.** For pre-judgment and post-judgment interest, to the maximum extent allowed by law; and

    **F.**    That Plaintiffs be granted such other and further relief as the court shall deem just and equitable.

DATED this 7 day of June, 2022.

                              Chae Law Firm, P.S.

                              By<u>*/s/ E.Chan Lee*</u>

                                 E.Chan Lee, WSBA No. 51415
                                 echan@chaelawfirmps.com.
                                 Attorney for Plaintiffs
                                 Tel: (425)-373-9922
                                 Fax: (425)-320-4243

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| RICHARD AND PARTNERS, LLC, A WASHINGTON LIMITED LIABILITY COMPANY<br><br>PLAINTIFFS,<br><br>VS.<br><br>BERKSHIRE HATHAWAY GUARD INSURANCE COMPANIES,<br><br>DEFENDANT, | NO.<br><br>DECLARATION OF VIJAY KUMAR VERIFYING COMPLAINT ON BEHALF OF RICHARD AND PARTNERS, LLC |

DECLARATION OF VIJAY KUMAR VERIFYING THE FOREGOING COMPLAINT

I, Vijay Kumar, pursuant to RCW 12.08.070 declare as follows:

1. I am an authorized representative of Richard and Partners, LLC, Plaintiff in the above-captioned case. I am over the age of eighteen (18) and am competent to testify to the following facts based on my personal knowledge, to which I could and would competently testify if called as a witness in this matter.

2. I have personal knowledge of Richard and Partners, LLC, its activities, and its intentions, including those set out in the foregoing Verified Complaint, and if called upon to testify I would competently testify as to the matters stated herein

3. I verify under penalty of perjury under the laws of the United States of America that the factual statements in this foregoing Complaint concerning Richard and Partners, LLC, its activities, and its intentions are true and correct.

COMPLAINT FOR DAMAGES – Page 10

CHAE LAW FIRM, P.S.
15 S GRADY WAY, STE 410
RENTON, WA 98057
P: (425) 373-9922

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 7 day of June, 2022 at <u>Federal way</u>, Washington

*Vijay Kumar* (DocuSigned by: E7D7BB91B7EE49F...)

Vijay Kumar