UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD AND PARTNERS LLC,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>AMGUARD INSURANCE COMPANY,<br><br>　　　　　　Defendant. | CASE NO. 2:22-cv-01050-TL<br><br>ORDER TO SHOW CAUSE FOR FAILURE TO ANSWER AND WAIVER OF JURY TRIAL |

　　　　This matter is before the Court *sua sponte*. On July 28, 2022, this case was removed from King County Superior Court. Dkt. No. 1. Plaintiff Richard and Partners LLC initiated the lawsuit in state court against its insurance carrier, Defendant AmGuard Insurance Company,[1] for damages alleging violations of Washington's consumer protection and insurance regulation statutes. Dkt. No. 1-1.

---

[1] Plaintiff originally named Berkshire Hathaway Guard Insurance Companies, but the Parties subsequently stipulated to amending the complaint to name the correct corporate entity pursuant to Defendant's corporate disclosure statement. *See* Dkt. Nos. 13-16.

ORDER TO SHOW CAUSE FOR FAILURE TO ANSWER AND WAIVER OF JURY TRIAL - 1

On August 12, Defendant filed a verification of state court records which indicated that Defendant had not answered the state court complaint prior to removal. *See* Dkt. No. 10. On August 17, the Parties filed a stipulated motion to amend the complaint. Dkt. No. 13. The same day, the Court granted the stipulated motion and ordered Plaintiff to file and serve the proposed amended complaint within 14 days pursuant to LCR 15. *Id.* The Court further ordered Defendant to respond to the amended complaint within 14 days of being served pursuant to Fed. R. Civ. P. 15(a)(3). *Id.* Plaintiff filed the Amended Complaint as ordered on August 18, 2022.[2] Dkt. No. 8. Defendant's deadline to respond to the Amended Complaint was September 1, 2022. Defendant never filed a response.

Consequently, the Court ORDERS Defendant to SHOW CAUSE, **within fourteen (14) days** of the date of this order, for setting aside the missed response deadline and move the Court for leave to file a responsive pleading if it intends to proceed in this case. Otherwise, Plaintiff must move for entry of default or other relief **within thirty (30) days** of the date of this order.[3] Absent such action, the Court may dismiss this case for failure to prosecute.

Additionally, on August 8, the Court entered an initial case scheduling order directing the Parties to file a Joint Status Report by no later than October 4, 2022. Dkt. No. 9. On October 4, the Parties filed a Joint Status Report as directed requesting the Court schedule a 5-day jury trial. Dkt. No. 18. To preserve the right to trial by jury in a civil case removed to federal court, Plaintiff must have secured the right to trial by jury pursuant to state law prior to removal[4] or

---

[2] Because Defendant's counsel is a registered participant in the Court's Electronic Court Filing system, service on Defendant of the Amended Complaint was complete upon electronic filing. *See* LCR 5(b),(c).

[3] Plaintiff need not wait for Defendant to respond to the Court's show cause order before moving the Clerk for entry of default, *see* Fed. R. Civ. P. 55, but because Defendant has noted an appearance, Plaintiff is obligated to provide Defendant with 14-days notice of intent to move for entry of default. *See* LCR 55.

[4] In Washington, to preserve the right to jury trial in state court, a plaintiff must file and serve a written demand and pay the required jury fee by no later than the trial setting date or other demand deadline set by the court. Wash. Civ. R 38.

must make a demand pursuant to Fed. R. Civ. P. 38 in the relevant federal court within 14 days after being served with notice of removal. Fed. R. Civ. P. 81. There is nothing in the record indicating that Plaintiff has ever made a written jury demand in this case. "A party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d). Despite Plaintiff's failure to preserve its right to a jury trial in this Court, the Parties jointly requested a jury trial in the Joint Status Report. *See* Dkt. No. 18 at 6. The Court therefore ORDERS Plaintiff to SHOW CAUSE, **within fourteen (14) days** of the date of this order, as to why the Court should not find that it has waived its right to a trial by jury and enter a bench trial scheduling order.

Dated this 1st day of November 2022.

Tana Lin
United States District Judge