UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD AND PARTNERS LLC,<br><br>Plaintiff,<br><br>v.<br><br>AMGUARD INSURANCE COMPANY,<br><br>Defendant. | CASE NO. 2:22-cv-01050-TL<br><br>ORDER GRANTING DEFENDANT RELIEF FROM ANSWER DEADLINE AND PLAINTIFF'S JURY DEMAND |

This matter is before the Court to address the Parties' responses to its *sua sponte* Order to Show Cause at Dkt. No. 19. On November 1, the Court noted Defendant's failure to file an answer to Plaintiff's First Amended Complaint pursuant to LCR 15. Dkt. No. 19 at 2. The Court therefore ordered Defendant to show cause for setting aside the missed response deadline and move the Court for leave to file a responsive pleading if it intended to proceed in this case. *Id.* The Court further noted Plaintiff's failure to file a written jury demand as required by the Federal Rules of Civil Procedure. *Id.* at 2-3 (citing Fed. R. Civ. P. 38, 81). Consequently, the Court ordered Plaintiff to show cause as to why the Court should not find that it has waived its right to

a trial by jury and enter a bench trial scheduling order. *Id.* at 3. The Parties timely filed their responses. *See* Dkt. Nos. 21, 22. Finding good cause shown, the Court GRANTS Defendant relief from the answer deadline and leave to file its answer to Plaintiff's First Amended Complaint. The Court further GRANTS Plaintiff's jury demand and will enter a jury trial schedule as requested in the Parties' Joint Status Report.

      Defendant concedes that it failed to timely answer but notes that the Parties have been actively proceeding in this litigation with the understanding that Defendant was defending this matter on all substantive issues. Dkt. No. 22 at 2. Defendant's argument is substantiated by Plaintiff's actions in this litigation, such as its participation in the Rule 26(f) conference, filing of a joint status report, and not moving for default despite Defendant's failure to answer. Due to the lack of prejudice to Plaintiff, and the Court's general preference for resolving cases on the merits, *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016), the Court finds good cause to GRANT Defendant relief from the missed answer deadline. Defendant is therefore ORDERED to file its answer to the First Amended Complaint within **7 days** of the date of this order.

      Plaintiff asks the Court to find that it did not waive its right to a jury trial because Defendant never filed an answer. Dkt. No. 21 at 3-4. A party seeking a jury trial in a civil case in federal court must make a demand in writing that is properly served and filed or risks waiving their jury-trial right. Fed. R. Civ. P. 38. Plaintiff concedes it had not made a written jury demand when the Parties sought the entry of a jury trial schedule in their joint status report (Dkt. No.18) nor when the Court entered its order to show cause (Dkt. No. 19). *See* Dkt. No. 21 at 2. Instead, Plaintiff filed and served a written demand thereafter on November 1, 2022, in reaction to the Court's Order. *See* Dkt. No. 20. In most cases involving only a single answering defendant, a jury demand is timely if filed any time before the end of the 14-day limitations period that starts

once the defendant files its answer. Fed. R. Civ. P. 38(b)(1); *see also Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1063 (9th Cir. 2005). Here, because Defendant has not yet filed an answer, the Court finds that Plaintiff's November 1 written jury demand at Dkt. No. 20 is timely. The Court will therefore issue a jury trial scheduling order upon the filing of Defendant's Answer as order above.

Dated this 22nd day of November 2022.

Tana Lin
United States District Judge